IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:06CV188

| U.S. DEPARTMENT OF AGRICULTURE-RURAL HOUSING SERVICE (USDA-RHS), | ) ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| Vs. | ) ) | **O R D E R** |
| EUNICE BROOKS and MARTINA CLARK, | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the motion of Defendant Martina Clark to vacate the dismissal of this action.

It is first noted, as was pointed out in the previous decision, that Clark removed this action from state court without the consent of Defendant Eunice Brooks. Removal pursuant to 28 U.S.C. § 1441 requires the unanimous consent of all defendants. ***Lapides v. Bd. of Regents of Univ. Sys. of Georgia***, 535 U.S. 613, 620 (2002) (citing ***Chicago, R.I. & P.R. Co. v. Martin***, 178 U.S. 245, 248 (1900)). The failure of all

defendants to join in the petition for removal mandates remand to state court.  ***Maranao Enter. of Kansas v. Z-Teca Rest., L.P.,*** 254 F.3d 753, 756 (8th Cir. 2001); ***Cunningham v. Bombay Prod., Inc.***, 309 F.Supp.2d 835, 836 (S.D. W. Va. 2004); ***UniCom Sys., Inc. v. Nat'l Louis Univ.,*** 262 F.Supp.2d 638 (E.D. Va. 2003).

It is also noted that the removed action was a state foreclosure proceeding.  While a qualified individual would be able to seek judicial review of the final determination of the agency involved in this action, removal of the state court foreclosure proceeding does not qualify as the initiation of an action for judicial review.  Nor does the removal of a state foreclosure proceeding provide this Court with jurisdiction.  ***Burbage v. Richburg***, 417 F.Supp.2d 746 (D.S.C. 2006).  In any event, the undersigned would remand this action because it is a foreclosure proceeding and may not be removed to federal court. ***Bank of New York v. Gobbi***, 21 F. App'x 215 (4th Cir. 2001); ***Saker v. Nat'l City Corp.***, 90 F. App'x 816 (6th Cir. 2004); ***Washington Mutual Bank, F.A. v. Catuara***, 313 F.Supp.2d 782 (N.D. Ill. 2004); ***In re Foreclosure of Deed of Trust dated February 8, 1999***, 2003 WL 21664204 (M.D.N.C. 2003); ***Luqman v. InterBay Funding LLC***, 2003 WL 22594228 (E.D. Pa. 2003).

Finally, Clark claims that she is the real party in interest because Defendant Brooks deeded the property to her in 2002. Information provided in other pleadings filed by Clark shows that thereafter, the property was not titled to Clark. It is of no moment, however, because the removal of a state foreclosure action is not the appropriate method of initiating judicial review of the agency determination.

**IT IS, THEREFORE, ORDERED** that the Defendant Clark's motion to vacate dismissal is hereby **DENIED** and this action is **REMANDED** to state court.

Signed: August 11, 2006

Lacy H. Thornburg
United States District Judge